Jerald Lee Brainin
Law Offices
State Bar #53207
P.O. Box 66365
Los Angeles, CA 90066
Telephone: 310-397-3910
Facsimile: 310-737-1702


Attorney for Defendant/Appellant
BEVAN THOMAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff – Appellee,<br><br>v.<br><br>BEVAN ATLEE THOMAS,<br><br>Plaintiff-Respondent. | Case No. 04-cr-1416-RGK<br><br>THOMAS' REPLY TO GOVERNMENT'S COMBINED OPPOSITION TO MOTIONS TO VACATE THE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE: September 28, 2010<br>TIME: 10:00 a.m. |

Bevan Thomas, by and through his attorney, Jerald Brainin, submits the following Reply to the Government's Combined Opposition to his Motion to Vacate. This reply is based on the attached memorandum of points and authorities and upon such other evidence as may be presented at the scheduled hearing.

Dated: September 22, 2010                    Respectfully submitted,

                                             *s/ Jerald Brainin*
                                             Jerald Brainin,
                                             Attorney for Bevan Thomas

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

The government contends that defendants Thomas and Richards have not "made a serious response to the government's showing that the jury convicted them of an honest services fraud scheme that it understood to involve bribery and kickbacks consistent with *Skilling v. United States*..." The "defendants have not suggested meaningful ways in which their trial strategy was affected by invalid honest services fraud counts." And since Thomas' bribery convictions reference the same conduct at issue in the honest services fraud schemes, any *Skilling* error is harmless. (Gov's Combined Opp., Dkt 503, pp. 1-3, 5.)

The Government's belief that it can salvage piecemeal its honest services fraud prosecution after *Skilling*, or that the jury was not confused by the indictment or was otherwise capable of compartmentalizing the evidence in this complex and confusing case, is misguided. Its contentions fall squarely within the realm of conjecture and speculation and cannot be deemed harmless. *United States v. Valle-Valdez*, 554 F.2d 911, 914-16 (9th Cir. 1977)(A reviewing court will affirm under the harmless error rule only if it is more probable than not that the error did not materially affect the verdict). The government's assertion that there is no possibility its honest services fraud prosecution had a prejudicial effect on the remaining convictions fails to account for the totality of circumstances presented by this case. Those circumstances include the following:

1) The government charged, presented, and argued its case based on an all encompassing honest services fraud scheme perpetrated through Allied Government

---

[1] Defendant Thomas reasserts his joinder in the pleadings filed by codefendant Richards.

DEFENDANT THOMAS' REPLY TO GOVERNMENT'S COMBINED OPPOSITION
TO MOTIONS TO VACATE.

Services (AGS). It characterized the entire case as being all about conflicts of interest, exorbitant and unnecessary contracts, and the violation of the public's trust. It argued that all of the charged conduct was part and parcel of these conflicts and contracts. It emphasized this theme by pointing to the Regency contract, which it characterized for the jury as the most egregious violation of the public trust, but which it now concedes must be entirely excised from its case;

2) The jury was given a copy of the indictment containing the challenged "unnecessary and exorbitant" language and a copy of the jury instructions, which made no reference to this language, but instead referenced the California Political Reform Act of 1974 (Mot.Exhs: 5-6), and California Finance Disclosure Laws. (Mot.Exhs: 7-8.) Is it any wonder that the jury asked for a simplified version of the indictment?

3) With the exception of the bribery counts (Counts 30 and 31) and the false statement to the grand jury count (Count 33), Thomas was charged along with Richards in every other count. Counts 12, 13, 18, 19, 20 are charged as honest services fraud; Counts 22-25 are charged under the money laundering statute; and Counts 30 and 31 are charged under the bribery statute. The majority of these counts reference campaign contributions and the production of political campaign flyers.

4) The government concedes that "the charging language of the FSI impermissibly may have allowed the jury to find that defendant Richards breached his duty of honest services merely by failing to disclose he had conflicting interest." (Combined Opp., p. 46);

DEFENDANT THOMAS' REPLY TO GOVERNMENT'S COMBINED OPPOSITION
TO MOTIONS TO VACATE.

5) The government concedes that "[n]o jury instruction given by the court attempted to define or enumerate defendant Richards' duties of honest services" (Opp. 46);

6) The Court's jury instructions omitted any explanation of honest services fraud as a scheme involving bribery or kickbacks;

7) This case was neither charged, presented, nor argued as a bribery and kickback case. Neither the government's closing argument nor the instructions ever mentioned the word *kickbacks*; the government mentioned *bribery* only once during its closing argument, in conjunction with the two checks Richards personally delivered to AMAC. (Counts 30 and 31.) However, the conduct alleged in these counts is not actually bribery.

In Counts 30 and 31, the government charged a violation of 18 U.S.C. § 666 (a)(2) with respect to two $5000 checks paid from a T&A account to AMAC. Subsection (a)(2) targets anyone: "(a) Who[]…. (2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence…" By contrast, § 666 (a)(1)(B) targets the behavior of *a government agent*, who solicits funds in the form of a payback:

> "(a) Whoever….(1) being an agent of an organization, or of a state, local, or Indian tribal government…(B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or reward in connection with any business…"

What must be proved to establish each offense differs significantly. Although charged as bribes under 18 U.S.C. § 666 (a)(2), the facts do not arguably support Thomas' bribery convictions under this section. First, the AMAC checks were written many months after the city had awarded the contract to Thomas. Equally important, the government

DEFENDANT THOMAS' REPLY TO GOVERNMENT'S COMBINED OPPOSITION
TO MOTIONS TO VACATE.

concedes that Richards personally delivered the checks to AMAC, as well as retained possession of the check stubs, all of which suggests that Richards merely directed the funds to himself as payback. (Exhs: 38.)

From these facts, the jury could have easily concluded that, although the conduct charged in Counts 30 and 31 did not qualify as bribes within the meaning of § 666 (a)(2), it was in fact similar to the conduct alleged in Counts 35-39, which charged Richards with "soliciting campaign contributions from contractors and lobbyists with interests in Lynwood, and with projects pending approval by the City Council." (FSI, pp. 47-48.) Counts 35-39, which the government charged as honest services fraud and argued in tandem with its closing arguments regarding Counts 30 and 31[2], and which the government now concedes must be vacated under *Skilling,* actually describe violations of § 666 (a)(1)(B). In light of the blurring that resulted from the government's mislabeled bribery charges and the honest services kickback schemes charged in Counts 35-59, as well as the complete absence of any mention or explanation kickbacks, it impossible to determine on what theory the jury relied when convicting Thomas on Counts 30 and 31. Furthermore, it cannot be said with any degree of confidence that the prejudicial spillover effect from Counts 35-39 had no influence on the jury's consideration of Counts 30 and 31, or any of the other ten counts charging Thomas with making post-contract campaign

---

[2] "Bribery and corrupt payments charged against Bevan Thomas. Defendant gave anything of value with the intent to influence or reward a public official. Was Beven Thomas giving those AMAC payments in order to get Paul Richards' support or to thank you and reward him for Paul Richards' support of these contracts." (Gov. closing, RT 10/25/05, p. 56.)

DEFENDANT THOMAS' REPLY TO GOVERNMENT'S COMBINED OPPOSITION
TO MOTIONS TO VACATE.

contributions in the form of political campaign flyers. At the very least, Thomas was prejudicially misled by these confusing charges.

8) That the jury was confused by and asked for a simplified version of the indictment is a critical fact, which the government has conveniently chosen to ignore; and

9) The jury asked for individual copies of the jury instructions, which the government concedes were inadequate;

From these circumstances, it is reasonable to infer 1) the existence of prejudicial spillover resulting from the government's overwhelming emphasis on the honest service fraud allegations, as well as from Counts 35-39 (*United States v. Rooney*, 37 F.3d 847, 855 (2nd Cir. 1994)); 2) the jury had difficulty compartmentalizing the evidence with respect to the individual counts; and 3) the impossibility of determining whether the jury based its verdicts on supportable or insupportable grounds. *Griffin v. United States*, 502 U.S. 46, 52, 56, 112 S.Ct. 466, 470, 472 (1991)(where a jury returns a general verdict that is potentially based on a theory that was legally impermissible or unconstitutional, the conviction cannot be sustained). By the same token, the circumstances in this case defy, beyond a reasonable doubt, the appearance that the errors complained of did not contribute to the verdicts obtained. *Neder v. United States*, 527 U.S. 1, 7 (1999).

/

/

/

6

Based on the foregoing, Thomas respectfully requests that this Court vacate his convictions and release him, or in the alternative, grant him bail pending the resolution of the remand proceedings.

Dated: September 22, 2010                    Respectfully submitted,

                                             /s/ *Jerald Brainin*
                                             Jerald Lee Brainin
                                             Law Offices
                                             P.O. Box 66365
                                             Los Angeles, CA 90066
                                             Telephone 310-397-3910
                                             Facsimile: 310-737-1702
                                             jbrainin@braintrustusa.com

DEFENDANT THOMAS' REPLY TO GOVERNMENT'S COMBINED OPPOSITION
TO MOTIONS TO VACATE.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is a member of the bar of this court is in good standing and counsel of record for appellant Bevan Thomas. The foregoing

**DEFENDANT THOMAS REPLY TO THE GOVERNMENT'S COMBINED OPPOSITION TO DEFENDANTS' MOTIONS TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES**

was filed with the Clerk of the Court by using the CM/ECF system on September 22, 2010 in the case of in *United States v. Richards,* CR 04-1416-RGK.

The following parties are registered to receive service via the CM/ECF system:

Kathryn Young, Esq.
Appellate Counsel for Paula Harris
Office of the Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012-4206

Vicki Marolt Buchanan, Esq.
Appellate Counsel for Paul Richards
19201 Sonoma Highway
Sonoma, CA, 95476

Burce Searby
Assistant United States Attorney

I declare under penalty of perjury that the foregoing is true and correct, and that this certificate was executed in Los Angeles, California on September 22, 2010

<u>/s/ *Jerald Brainin*</u>
Jerald Brainin